IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

JEFF MacSWAN and KELLIE ROLSTAD, )
husband and wife,                 )
                                  )
                      Plaintiffs, )
                                  )
           vs.                    )
                                  )
THE ARIZONA BOARD OF REGENTS,     )
a political subdivision of the    )
State of Arizona; DEAN MARI       )
KOERNER, a married person;        )
MEREDITH TOTH, a married person,  )
                                  )   No. 2:12-cv-1404-HRH
                      Defendants. )
_____ )

O R D E R

Motion to Dismiss

Defendants move to dismiss plaintiffs' third amended complaint.[1] This motion is opposed.[2] Oral argument was requested and has been heard.

Facts

Plaintiffs are Jeff MacSwan and Kellie Rolstad. Defendants are the Arizona Board of Regents (ABOR), Dean Mari Koerner, and Meredith Toth. Koerner is alleged to be the Dean of ASU's Mary Lou Fulton Teachers College and Toth is alleged to be "a supervisory employee

---

[1]Docket No. 29.

[2]Docket No. 34.

of ASU...."³  Koerner and Toth are being sued in both their official and individual capacities.

Plaintiffs allege that they were "tenured professors at Arizona State University (ASU)" who "created on-line instructional materials with the understanding and agreement that they would use those materials to teach courses while at ASU."⁴  Plaintiffs allege that these instructional materials "were not 'works for hire'" but rather are "scholarly works" as defined by ABOR's Intellectual Property Policy "for which the ABOR specifically disclaims a claim of ownership...."⁵  Plaintiffs allege that they "had a common law copyright" in the instructional materials⁶ and that they registered their copyrights in the spring of 2011.⁷

Plaintiffs allege that in October 2010, MacSwan was offered a part-time faculty position to teach an on-line course "at about half the pay stipulated by ASU and ABOR policy."⁸  When MacSwan declined that offer, "Koerner informed him that [he] and Rolstad would not

---

³Verified Third Amended Complaint at 2, ¶¶ 4-5, Docket No. 26.

⁴Id. 1, ¶ 2 and 3, ¶ 9.

⁵Id. at 3, ¶¶ 10-11.

⁶Id. at ¶ 14.

⁷Id. at 4, ¶ 17.

⁸Id. at 3, ¶ 15.

be employed at the prior rate of compensation to teach in the summer either[.]"[9]

Plaintiffs allege that they first learned in the summer of 2011 that ASU "had illegally accessed their password protected on-line instructional materials, provided those materials to other ASU agents and employees, and ... had appropriated and were teaching course[s] using these materials without the consent or permission of MacSwan or Rolstad."[10]  Plaintiffs filed grievances with ASU and they allege that during a grievance hearing, Toth admitted "that she was the person responsible for taking MacSwan's and Rolstad's intellectual property without consent or lawful authority, and using those materials."[11]  Plaintiffs allege that Toth infringed their copyrighted instructional materials "for her own benefit and financial advantage...."[12]  Plaintiffs further allege that Toth reported to Koerner, that Koerner was aware of Toth's conduct at all times, and that Toth was acting under the supervision and control of Koerner.[13]

In their third amended complaint, plaintiffs assert a claim for copyright infringement, for which they seek compensatory damages,

---

[9] Id. at 3-4, ¶ 15.

[10] Id. at 4, ¶ 18.

[11] Id. at ¶ 27.

[12] Id. at 5, ¶ 29.

[13] Id. at 2, ¶ 4.

statutory damages, punitive damages, and injunctive relief. Plaintiffs seek to enjoin defendants "from further wrongful possession, control, use, and infringement" of their intellectual property.[14] Plaintiffs also seek an order "requiring all copies of courses which have been distributed be accounted for and returned to" plaintiffs and "that all copies of the instructional materials supporting [plaintiffs'] ASU courses ... be purged from all ASU computer systems[.]"[15]

Defendants now move to dismiss plaintiffs' third amended complaint.

## Discussion

"To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must 'allege sufficient factual matter ... to state a claim to relief that is plausible on its face.'" OSU Student Alliance v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012) (quoting Pinnacle Armor, Inc. v. United States, 648 F.3d 708, 721 (9th Cir. 2011)). "[T]he complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" In re Rigel Pharmaceuticals, Inc. Securities Litig., 697 F.3d 869, 875 (9th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded

---

[14]Id. at 6, ¶ 39.

[15]Id. at 7.

factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Srvc., 671 F.3d 1138, 1142-43 (9th Cir. 2012). The court generally "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir. 2011) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)). The court may however "consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." Id. at 999 (quoting Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006)).

"Plaintiffs must satisfy two requirements to present a prima facie case of direct [copyright] infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001). Defendants argue that plaintiffs' allegations do not establish that they own the copyrights in the instructional materials because the materials were "works for hire." A "work made for hire" is "a work prepared by an employee within the scope of his or her employment[.]" 17 U.S.C. § 101. The copyright owner of a "work for hire" is the employer. 17 U.S.C. § 201(b).

Plaintiffs however point out that they have alleged that the instructional materials were not "works for hire" but rather were "scholarly works."[16] The ABOR Intellectual Property Policy provides that "[t]he Board does not make any claim of copyright ownership of ... [s]cholarly works[.]"[17] Thus, plaintiffs argue that they have adequately alleged that they were the owners of the copyrights for the instructional materials.

The ABOR Intellectual Property Policy defines "Scholarly works" as "works of authorship and creative works regardless of their form that are created by employees and students ... includ[ing] on-line instructional materials" but <u>excluding</u> "[w]orks of authorship or creative works created in the course and scope of employment."[18] Plaintiffs contend that the instructional materials do not fall within this exclusion because they were not created in the course and scope of their employment. Plaintiffs contend that they created the works as independent contractors, rather than in the course and scope of their employment. Plaintiffs seem to suggest that when

---

[16]Verified Third Amended Complaint at 3, ¶¶ 10 & 12, Docket No. 26.

[17]Policy Number 6-908 at 2, Exhibit 1, Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint, Docket No. 29. Because plaintiffs' complaint relies on the policy, the court may consider it without converting the motion to dismiss into a motion for summary judgment.

[18]Id. at 15-16.

they declined to teach the on-line courses for a reduced rate, they became "akin" to independent contractors.

Courts employ a three-part test to determine "when a work is made by an employee 'within the scope' of employment: '(a) it is of the kind [the employee] is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the [employer].'" U.S. Auto Parts Network, Inc. v. Parts Geek, LLC, 692 F.3d 1009, 1015 (9th Cir. 2012) (quoting Avtec Sys., Inc. v. Peiffer, 21 F.3d 568, 571 (4th Cir. 1994)). Plaintiffs allege that they were employed by ASU as "tenured professors" and that they "created [the] on-line instructional materials with the understanding and agreement that they would use those materials to teach courses while at ASU."[19] These allegations do not suggest that plaintiffs were independent contractors. Rather, they suggest that plaintiffs created the instructional materials within the scope of their employment. Nowhere in their third amended complaint do plaintiffs allege, as their counsel represented at oral argument, that they created the instructional materials in addition to their regular duties at ASU. Because plaintiffs have not alleged that the on-line instructional materials were created outside the course and scope of their employment, they have failed to adequately alleged

---

[19]Verified Third Amended Complaint at 1, ¶ 2 & 3, ¶ 9, Docket No. 26.

an ownership interest in the materials. Because they have not adequately alleged an ownership interest in the instructional materials, plaintiffs have failed to allege a plausible copyright claim and their third amended complaint is dismissed.

If their third amended complaint is subject to dismissal, which it is, plaintiffs request leave to amend. Defendants have already stipulated to the filing of two amended complaints in response to prior motions to dismiss and plaintiffs filed one amended complaint <u>sua</u> <u>sponte</u> and yet plaintiffs have still failed to state a plausible copyright infringement claim. Plaintiffs have had ample opportunity to state their claim. Their request for leave to amend is denied. <u>See</u> <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367, 373 (9th Cir. 1990) (quoting <u>Ascon Properties, Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989)) ("'The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'").

## Conclusion

Defendants' motion to dismiss[20] is granted. Plaintiffs' third amended complaint is dismissed with prejudice.

DATED at Anchorage, Alaska, this <u>24th</u> day of September, 2013.

/s/ H. Russel Holland<br>
United States District Judge

---

[20]Docket No. 29.